Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

GABRIELA ECHEVERRIA,

        *Plaintiff*,

-against-

JENNY PENA, RENZO MONTESDEOCA,
AMERITRADE GROUP CORP. and
AMERITRADE HOMES CORP.

        *Defendants.*

-------------------------------------------------------X

**COMPLAINT**
**JURY TRIAL DEMANDED**
Case No.: 22-cv-7903

GABRIELA ECHEVERRIA ("Plaintiff") by and through her attorney, Colin Mulholland, Esq., and as against JENNY PENA, RENZO MONTESDEOCA, AMERITRADE GROUP CORP. and AMERITRADE HOMES CORP. ("Defendants"), allege as follows:

## NATURE OF THE ACTION

1. Plaintiff is a former employee of Defendants JENNY PENA and RENZO MONTESDEOCA.

2. Plaintiff was employed by Defendants as an office worker at AMERITRADE GROUP CORP. and AMERITRADE HOMES CORP.

3. Defendants opened and close corporations frequently. Technically, AMERITRADE GROUP INC. is dissolved however the Defendants utilized AMERITRADE GROUP INC and AMERITRADE HOMES CORP. in their operations while employing Plaintiff ECHEVERRIA.

1

4. At all times relevant to this Complaint, Plaintiff worked for Defendants in excess of 40 hours per week, without appropriate minimum wage or overtime compensation for the hours she worked each week.

5. Plaintiff now brings this action for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq.* and 650 *et seq.* ("NYLL"), and minimum and overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce) and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

7. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendants operate their business in this district, and Plaintiff was employed by Defendants in this district.

## THE PARTIES

8. Plaintiff GABRIELA ECHEVERRIA ("Plaintiff ECHEVERRIA") is an adult individual residing in Queens County, New York. Plaintiff ECHEVERRIA was employed by Defendants from June 22, 2020 until approximately mid-March, 2022.

9. AMERITRADE GROUP CORP. is a domestic limited liability company organized and existing under the laws of the state of New York. It maintains its principal place of business at 104-56 Roosevelt Ave, Corona, NY 10368.

10. AMERITRADE HOMES CORP. is a domestic corporation organized and existing under the laws of the state of New York. It maintains its principal place of business at 104-56 Roosevelt Ave, Corona, NY 10368.

11. Defendant JENNY PENA is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

12. Defendant JENNY PENA is sued individually in her capacity as an owner, officer and/or agent of Defendant Corporation.

13. Defendant JENNY PENA possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

14. Defendant JENNY PENA is the CEO and/or President of AMERITRADE GROUP CORP. and AMERITRADE HOMES CORP.

15. Defendant JENNY PENA had the power to hire and fire employees at AMERITRADE GROUP CORP. and AMERITRADE HOMES CORP. including Plaintiff.

16. Defendant JENNY PENA had the final word on all business decisions at AMERITRADE GROUP CORP. and AMERITRADE HOMES CORP. including which contracts to enter on behalf of the business.

17. Defendant JENNY PENA reviewed and controlled the financial records at AMERITRADE GROUP CORP. and AMERITRADE HOMES CORP. including payroll records and documents recording Plaintiff's wages and hours worked.

18. Defendant JENNY PENA authorized Plaintiff's pay rate.

19. Defendant JENNY PENA hired Plaintiff.

20. Defendant JENNY PENA monitored Plaintiff's work schedule through a WhatsApp chat, an Excel Spreadsheet and direct daily observations at the office.

21. Defendant JENNY PENA authorized and issued payments to Plaintiff through her own Zelle account that was titled AMERITRADE but was linked to her own bank account.

22. Defendant JENNY PENA supervised and hired the staff at each at AMERITRADE GROUP CORP. and AMERITRADE HOMES CORP. on a regular basis, including Plaintiff.

23. Defendant JENNY PENA gave assignments to Plaintiff such as which taxes forms to prepare and instructed her on how to prepare them. She also reviewed Plaintiff's work product daily.

24. Defendant JENNY PENA had the power to review and maintain employment records pertaining to the Plaintiff and the pay practices of at AMERITRADE GROUP CORP. and AMERITRADE HOMES CORP. and in fact did so.

25. Defendant JENNY PENA actively hired and fired employees.

26. Defendant JENNY PENA determined the rates of pay of employees and dictated other terms of their employment at AMERITRADE GROUP CORP. and AMERITRADE HOMES CORP.

27. Defendant RENZO MONTESDEOCA is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant RENZO MONTESDEOCA is sued individually in his capacity as an owner, officer and/or agent of Defendant Corporation.

28. Defendant RENZO MONTESDEOCA possesses or possessed operational control over Defendant Corporations, possesses or possessed an ownership interest in Defendant Corporations, and controls or controlled significant functions of Defendant Corporations.

29. Defendant RENZO MONTESDEOCA had the power to hire and fire employees at AMERITRADE GROUP CORP. and AMERITRADE HOMES CORP., including Plaintiff.

30. Defendant RENZO MONTESDEOCA was the general manager at AMERITRADE GROUP CORP. and AMERITRADE HOMES CORP.

31. Defendant RENZO MONTEDEOCA is the CEO of AMERITRADE HOMES CORP.

32. Defendant RENZO MONTESDEOCA is married to Defendant JENNY PENA.

33. Defendant RENZO MONTESDEOCA fired Plaintiff directly.

34. Defendant RENZO MONTESDEOCA had the power to hire and fire employees, supervised the hiring and firing of employees and dictated other terms of their employment at AMERITRADE GROUP CORP. and AMERITRADE HOMES CORP.

35. Defendant RENZO MONTESDEOCA authorized the issuance of all payment to employees.

36. Defendant RENZO MONTESDEOCA supervised Plaintiff on a daily basis at work.

37. Defendant RENZO MONTESDEOCA had the power to review and maintain employment records pertaining to the Plaintiff and the pay practices of AMERITRADE GROUP CORP., and AMERITRADE HOMES CORP. and in fact did so.

38. Defendant RENZO MONTESDEOCA actively hired and fired of employees.

39. Defendant RENZO MONTESDEOCA established and monitored Plaintiff's work schedule.

40. Defendant RENZO MONTESDEOCA determined the rates of pay of employees and dictated other terms of their employment at AMERITRADE GROUP CORP. and AMERITRADE HOMES CORP.

## FACTUAL ALLEGATIONS

41. Defendants are associated and joint employers, act in the interest of each other.

42. Defendants share common operations and acted jointly in the operation of each dollar store wherein Plaintiff worked.

43. Each Defendant possessed substantial control over Plaintiff's working conditions and held power of over the supervision and implementation of the pay policies and practices with respect to the employment and compensation of Plaintiff.

44. Defendants jointly employed Plaintiff and were employers within the meaning of 29 U.S.C. § 201 e*t seq*. and the NYLL.

45. In the alternative, Defendants constitute a single employer of Plaintiff.

46. At all relevant times, Defendants were Plaintiff's employers within the meaning of the FLSA and New York Labor Law.

47. In each year from 2020 to 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

48. Defendants were each experienced business owners and had full knowledge of the pay and notice requirements under federal and state law.

49. Defendants failed to honor the requirements of federal and state law willfully and maliciously as to the manner in which they paid Plaintiff.

50. Defendant willfully and maliciously violated federal and state overtime laws.

51. Defendants routinely and as a practice failed to record all of the hours Plaintiff or other employees worked.

52. In the last three weeks of Plaintiff's employ, Defendants installed a finger print time clock for the employees. This machine incorrectly shaved 15 minutes from Plaintiff's hours, as well as the hours of other employees.

53. Plaintiff complained about the shaved hours directly to each individual Defendant.

54. Defendants stated that it was their policy to not pay for time in excess of their predicted work schedule even if the Plaintiff or other employees worked longer.

55. Plaintiff continued to insist that the Defendants pay her for all of her hours worked.

56. Days after insisting for proper and lawfully payments, Defendant RENZO MONTESDEOCA discharged Plaintiff.

57. In addition, Defendants and/or their enterprise were directly engaged in interstate commerce. For example, numerous items were sold daily at AMERITRADE GROUP CORP. and AMERITRADE HOMES CORP., such as paper, ink, writing supplies, snacks and all other office supplies used by staff.

58. Plaintiff was individually engaged in interstate commerce because she prepared, dispatched and received tax forms and other government and commercial correspondence that were sent to out of state offices and received from out of state institutions such as the IRS and out-of-state clients.

59. Defendants employed more than 11 employees at all relevant times.

*Plaintiff* ECHEVERRIA

60. Plaintiff ECHEVERRIA was employed by Defendants from June 22, 2020 until mid- March 2022.

61. Throughout her employment with defendants, Plaintiff ECHEVERRIA was employed as an assistant tax preparer and clerk.

62. Plaintiff ECHEVERRIA work duties required neither discretion nor independent judgment.

63. Plaintiff ECHEVERRIA was closely supervised and directed by Defendants in the scope of her tasks.

64. From approximately June 22, 2020 until mid-March 2022, Plaintiff ECHEVERRIA typically worked six (6) days per week from 10:00 A.M. until between 8:00 P.M. and 10:00 P.M., approximately sixty-eight (68) hours per week.

65. During this period Plaintiff ECHEVERRIA regularly worked in excess of 40 hours per week without a premium for her overtime hours.

66. The Defendants paid the Plaintiff $14.50 hourly without a premium for her hours worked over 40 in a week from June 2020 until December 2020.

67. The Defendants paid the Plaintiff $15.00 hourly without a premium for her hours worked over 40 in a week from January 2021 until November 2021.

68. The Defendants paid the Plaintiff $16.00 hourly without a premium for her hours worked over 40 in a week from December 2021 until March 2022.

69. Defendants never provided Plaintiff ECHEVERRIA with each payment of wages a proper statement of wages, as required by NYLL 195(3).

70. Defendants never provided Plaintiff ECHEVERRIA, a proper notice in English and in Spanish (Plaintiff ECHEVERRIA primary language), of her rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

71. Plaintiff had complained about her pay including that it did not meet the minimum wage or overtime requirements provided by law.

72. Shortly after complaining, Defendants discharged Plaintiff.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE FLSA MINIMUM WAGE PROVISIONS

73. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

74. At all times relevant to this action, Defendants were Plaintiff ECHEVERRIA's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff ECHEVERRIA, controlled the terms and conditions of her employment and had the power to determine the rate and method of any compensation in exchange for her employment.

75. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

76. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

77. Defendants failed to pay Plaintiff at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

78. Defendants' failure to pay Plaintiff ECHEVERRIA at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

79. Plaintiff ECHEVERRIA was damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

80. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

81. Defendants, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

82. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

83. Plaintiff was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### NEW YORK STATE LAW MINIMUM WAGE CLAIM

84. Plaintiff ECHEVERRIA repeats and realleges all paragraphs above as though fully set forth herein.

85. At all times relevant to this action, Defendants were Plaintiff ECHEVERRIA's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff, controlled terms and conditions of employment, and determined the rates and methods of any compensation in exchange for employment.

86. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff ECHEVERRIA less than the minimum wage.

87. Defendants' failure to pay Plaintiff ECHEVERRIA the minimum wage was willful and not in good faith within the meaning of N.Y. Lab. Law § 663.

88. Plaintiff ECHEVERRIA was damaged in an amount to be determined at trial

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK LABOR LAW

89. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

90. Defendants, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

91. Defendants' failure to pay Plaintiff overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

92. Plaintiff was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

93. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

94. Defendants failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

95. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SIXTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

96. Plaintiff repeats and realleges all paragraphs above as though set forth fully herein.

97. With each payment of wages, Defendants failed to provide Plaintiff with a statement listing each the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

98. Defendants are liable to Plaintiff in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF FLSA 29 U.S.C. SECTION 215(3) - RETALIATION

99. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

100. Plaintiff engaged in a protected activity as defined by the FLSA when she complained to Defendants about the manner in which the Defendants paid her.

101. In response to the protected activity, Defendants discharged Plaintiff because she was asking too many questions about the Defendants pay practices.

102. Defendants discharge of the Plaintiff constituted retaliation in violation of the Fair Labors Standard Act.

103. Such discharge was willful, malicious and otherwise in bad faith.

104. Plaintiff was damaged in an amount to be determined at trial.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF NYLL SECTION 215(1)(A) - RETALIATION

105. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if set forth fully herein.

106. Plaintiff engaged in a protected activity as defined by the NYLL when she complained to Defendants about the Defendants pay practices.

107. In response to the protected activity, Defendants discharged Plaintiff because she asked too many questions about the Defendants pay practices.

108. Plaintiff served a notice of this action to the Attorney General at or before the commencement of this action.

109. Defendants discharge of the Plaintiff constituted retaliation in violation of NYLL Section 215(1)(a).

110. Such discharge was willful, malicious and otherwise in bad faith.

111. Plaintiff was damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendants:

(a) Declaring that Defendants violated the minimum wage and overtime provisions of and associated rules and regulations under the FLSA and NYLL as to Plaintiff;

(b) Declaring that Defendants violated the recordkeeping requirements of and associated rules and regulations under the FLSA and NYLL with respect to Plaintiff's

compensation, hours, wages, and any deductions or credits taken against wages;

(c) Declaring that Defendants' violation of the provisions of the FLSA were willful as to Plaintiff;

(d) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(e) Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime wages and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(f) Declaring that Defendants violated the overtime wage provisions of and rules and orders promulgated under the NYLL as to Plaintiff;

(g) Declaring that Defendants violated the recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages; and any deductions or credits taken against wages;

(h) Declaring that Defendants' violations of the New York Labor Law were willful and not in good faith as to Plaintiff;

(i) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, damages for any improper deductions or credits taken against wages under the NYLL as applicable;

(j) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(k) Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663

and Article 6 as applicable;

(l) Awarding Plaintiff damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(m) Awarding Plaintiff compensatory damages, front pay, back pay, punitive damages, liquidated damages along with costs and attorney's fees for Defendants' retaliatory conduct under both or either the NYLL and/or FLSA.

(n) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(p) Enjoining Defendants' from future violations of the NYLL as the Court deems necessary and appropriate.

(q) Enjoining Defendants from further retaliatory conduct;

(r) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(s) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by a jury.

Dated: Astoria, New York
December 28th, 2022

By: */s/ Colin Mulholland*
Colin Mulholland, Esq.
30-97 Steinway, Ste. 301-A
Astoria, New York 11103
Telephone: (347) 687-2019
*Attorney for Plaintiff*